By the Court :
The lease offered- in evidence in this case and-rejected, is dated December 28, 1822, and appears to have been recorded January 8, 1825. It was made under the provision of the act to provide for leasing certain school lands therein mentioned, passed January 27, 1817. Vol. 15, p. 202. This act is silent as to the mode of executing leases; but the third section requires that leases executed under the law shall, “ in all cases, be recorded by the clerk of the township, and also by the recorder of the county, at the proper costs and charges of the lessee or lessees.”
As the act providing for making these leases prescribes no particular mode of executing them, the court are of opinion that they can only be valid when executed conformably to the general law. By the act of February 24, 1820, vol. 22, p. 219, it is distinctly required, that in addition to being signed and sealed in the presence *197 of witnesses, deeds, for the conveyance of lands, shall be acknowledged before a judge of the court of common pleas, or a justice of the peace. This provision extends not only to deeds, but to “ other instruments of writing, by which any land, tenements, or hereditaments shall be conveyed in whole or in part, or otherwise affected, or incumbered in law.” The lease in question has not been thus acknowledged ; it has not, therefore, been executed agreeably to law, and can not invest the lessor of the plaintiff with title, It was properly rejected, and the motion for a new trial must be overruled.†

 NoTE by the Editor. — See Swan’s Stat. 265, sec. 1; ib. 267, sec. 8. Pot late decisions touching the acknowledgment of leases, see siii. 43.